UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KELSIE BOURGEOIS | * | CIVIL ACTION NO. 22-cv-00649 |
| | * | |
| VERSUS | * | DISTRICT JUDGE SHELLEY D. DICK |
| | * | |
| AMGUARD INSURANCE COMPANY | * * | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS BY AMGUARD INSURANCE COMPANY AND OBJECTION TO PLAINTIFF'S EVIDENCE OUTSIDE OF PLEADINGS**

*MAY IT PLEASE THE COURT*:

AmGUARD Insurance Company ("AmGUARD" or "Defendant") respectfully submits this Reply Memorandum in Support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and objects to the documents attached to Plaintiff's Opposition Memorandum (Doc. 6-1).

**A.    Objection to Admission of Documents Attached to Plaintiff's Opposition.**

As outlined in Defendant's supporting memorandum (Doc. 3-1), in adjudicating a Rule 12(b) motion to dismiss, courts are generally limited to reviewing the pleadings and exhibits attached thereto, with a narrow exception: a court may treat documents attached to a motion to dismiss as a part of the pleadings if the complaint refers to the documents, and the documents are central to the plaintiff's claim. Consistent with this narrow exception, Defendant attached three exhibits to its Rule 12(b) Motion, all of which are either referenced in or alluded to in Plaintiff's Complaint and are central to the Plaintiff's claim. Plaintiff did not object to the Court's consideration of these exhibits.

Plaintiff now seeks to improperly expand the allegations in her Complaint by attaching two copies of a "Post-Loss Assignment of Rights of Insurance Coverage Benefits." *See* Doc. 6-1. This

document was neither attached to Plaintiff's Complaint nor was the existence of an assignment of rights ever referenced or suggested therein. Plaintiff's Exhibits are improper evidence under Rule 12. Accordingly, Defendant objects to Plaintiff's Exhibit 1 (Doc. 6-1) and requests that it be stricken/not considered.

Defendant further objects to the "Post-Loss Assignment of Rights of Insurance Coverage Benefits" (Doc. 6-1) as it is unauthenticated and inadmissible hearsay. Consideration of such evidence opens the door to numerous issues. For example, it is unclear whether the President of the HOA had/has the unilateral authority to assign the HOA's rights to a third-party without express authorization of the Board of Directors for the HOA.

Thus, this Court should STRIKE Doc. 6-1 in its entirety and not consider it in connection with Defendant's pending motion.[1]

### B.     Plaintiff is not a "Third-Party Beneficiary" of the AmGUARD Policy.

A stipulation *pour autrui* is never presumed; rather, it must be clear from the contract (or insurance policy) itself that it intends to benefit a third party. *See Williams v. Certain Underwriters At Lloyd's of London*, 398 Fed.Appx. 44 (5th Cir. 2010). The party claiming a stipulation *pour autrui* bears the burden of showing that one exists. *Id*. at 47. In determining whether a stipulation exists, the policy is viewed in context. For example, in *Williams*, the Fifth Circuit refused to base its interpretation from isolated policy language and instead considered the context, ultimately holding that the policy failed to manifest a clear intent to benefit. *Williams*, 398 Fed.Appx. at 48.

---

[1] Should the Court consider and determine that the "Post-Loss Assignment of Rights of Insurance Coverage Benefits" (Doc. 6-1) does operate to withstand a Rule 12(b)(6) challenging Plaintiff's right of action, the remainder of Plaintiff's arguments still need adjudication. Specifically, the assignment of rights would only relate to the claims of the HOA against AmGUARD. Whether Plaintiff has a separate right of action (apart of the assignment) is a judiciable issue.

Plaintiff cites no Louisiana case holding that a member of a homeowner/condominium association is a third-party beneficiary of an insurance policy purchased by the association; rather, Plaintiff ineffectively tries to distinguish *Allday* and *Ledet* – cases both directly on point regarding the relation between a condominium/homeowner's association, its insurer, and the individual members of the association (*i.e.,* the home/unit owners) – from the case at bar.

Plaintiff's cherry-picked policy provisions are a far cry from a clear intent to benefit the individual unit owners. When read in context, the policy manifests a clear intent to benefit the association as a whole – not any unit owner individually. Any benefit to Plaintiff – as an individual unit owner – is merely incidental to the benefit to the association as a whole. *See Allday v. Newpark Square I Office Condo. Ass'n, Inc.*, 20-358, p. 14 (La. App. 5 Cir. 8/18/21), 327 So. 3d 566, 577; *Ledet v. FabianMartins Constr. LLC*, 18-133, p. 15 (La. App. 5 Cir. 10/17/18), 258 So. 3d 1058, 1070 ("[T]he plain language of the Policy, when viewed in its entirety, shows that the primary purpose of the Policy was not to directly benefit unit owners or to insure their individual units, but rather, the purpose was to discharge the Association's obligation under the Act and the Declaration to obtain insurance for the common elements and units against damage and loss, and to protect the Association's interests and property.").

Importantly, a contract (including an insurance policy) can benefit a third party without constituting a stipulation *pour autrui*. *See, e.g., Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 05-2364, p. 2 (La. 10/15/06), 939 So. 2d 1206, 1214 ("A person may derive a benefit from a contract to which he is not a party without being a third party beneficiary."); *Ledet*, 258 So. 3d at 1067 (finding that the benefit to individuals unit owners derived from the condominium association's insurance policy did not constitute a stipulation *pour autrui*); *Louisiana Citizens Prop. Ins. Corp. v. LAA Shoring, LLC*, 16-1136, p. 7 (La. App. 4 Cir. 6/14/17), 223 So. 3d 17, 24

("[C]ontracts entered into by municipalities generally benefit all citizens, but do not constitute a stipulation *pour autrui*.").

It is worth considering policy language that a court has found to create a stipulation *pour autrui*. In *Lee v. Safeco Insurance Co. of America*, Judge Africk of the Louisiana Eastern District concluded that the plaintiff was a third-party beneficiary under a lender-placed insurance policy because the policy specifically provided that amounts in excess of the lender's interest would be paid to the borrower (*i.e.,* the plaintiff). No. 08–1100 (E.D. La. July 2, 2008), 2008 WL 2622997; *Id.* at *4. The court found that the "provision clearly stipulates that the portion of any loss payment exceeding the value of AMC's interest in the property will be paid directly to Lee, as the 'borrower' under the Policy." *Id.* Unlike the insurance policy in *Lee*, nowhere in the AmGUARD policy does it provide for payment of any proceeds to the individual unit owners (*i.e.,* Plaintiff); rather, all payment provisions are for the benefit of the association or insurance trustee if one is named.

As analyzed by the court in *Ledet*, Plaintiff's argument would lead to absurd consequences:

> [I]f we were to adopt Mr. Ledet's argument—that the Policy language intentionally stipulates a benefit in favor of the individual unit owners—we can envision a situation where insurers of condominium complexes in this state would not only be exposed to the insured's claim (*i.e.*, the Association's claim), but potentially, would also be exposed to multiple claims by the individual unit owners, non-signatories to the insurance contract, seeking recovery and payment for the same loss. Additionally, unless 100% of the unit owners agreed and signed off on a settlement, a lone unit owner could potentially hold up the entire settlement, thus preventing finality to any of the claims and/or repair and restoration of the damaged property. Instead, we find that under the Act, the intention is to have the Association, as trustee for the unit owners, as the only party entitled to receive payment under the Policy for losses or damage to covered property (whether owned by the unit owner or by the Association), so that the Association may then ascertain how and when to distribute those funds, if ever, to unit owners in the event a surplus of proceeds remains after all repairs to the damaged common elements and units have been made.

*Ledet*, 258 So. 3d at 1070.

Plaintiff has not – and cannot – satisfy the three-prong test for establishing a stipulation *pour autrui* as set forth by the Louisiana Supreme Court in *Joseph,* 939 So. 2d 1206.

**C.     Plaintiff is Neither a "Claimant" nor Insured under the Policy.**

As this Court is well-aware, there are two types of insurance claims: first party and third-party.[2] A first party claim is a ***contractual right*** (claim) by an insured against the insurer, whereas a third-party claim is a ***liability claim*** against a person (often the insured) covered under an insurance policy.

Here, Plaintiff does not assert a claim against anyone covered by the Policy; rather, Plaintiff claims that she is entitled to pursue a first party claim as an "insured" or third-party beneficiary under the policy. In other words, Plaintiff is not a "claimant" as that term is used in La. R.S. 22:1892 and 22:1973. Thus, the only remaining question is whether Plaintiff is an insured or third-party beneficiary under the Policy. As previously established, she is not. As Plaintiff is neither an insured nor third-party beneficiary, she cannot maintain a cause of action for bad faith. Accordingly, her bad faith claims necessarily fail without a valid, underlying first or third-party claim.

Plaintiff suggests that Defendant has mispresented the actual holding of *Clausen v. Fidelity and Deposit Co. of Maryland*, 95-0504 (La. App. 1 Cir. 8/4/95), 660 So. 2d 83, arguing that the court only dismissed the bad faith claim because the underlying claim had prescribed. Plaintiff ignores the court's footnote:

> Clausen's claim under La. R.S. 22:658 is invalid for another reason. It is clear that § 658(A)(1) imposes a duty of prompt payment upon insurers only when the claim is due to an insured. In this case, Clausen is not the insured of Fidelity, and therefore, has no claim against Fidelity under § 658(A)(1). It is likewise clear that subsections (2), (3), and (4) of § 658(A) only apply to third-party property damage

---

[2] The Louisiana Treatise on Evidence and Proof contains a helpful discussion of the differences between first party and third-party insurance claims. *See* § 5.8. Relevancy—Insurance, 19 La. Civ. L. Treatise, Evidence And Proof § 5.8 (2d ed.).

claims and medical expenses, which are not at issue in this case. Thus, Clausen also has no claim against Fidelity under § 658(A)(2), (3), or (4).³

*Clausen*, 660 So. 2d at 83, n. 4. A party must have a valid, underlying claim to seek damages under either La. R.S. 22:1892 or 22:1973. As Plaintiff is neither a third party "claimant" nor an "insured"/third-party beneficiary under the Policy, she does not have a valid, underlying claim to seek damages for bad faith.

## CONCLUSION

Plaintiff presents two arguments as to her right to maintain this first party claim against AmGUARD: (1) on the basis of an unauthenticated, questionable assignment of rights agreement and (2) that she should be considered a "third-party beneficiary" under the insurance contract. The first argument fails because nowhere in Plaintiff's Complaint (nor attached thereto) did Plaintiff mention or reference an assignment of rights. Thus, the exhibit is improper evidence and should be stricken/not considered. The second argument fails as Plaintiff has not, and cannot, satisfy the high burden of proving that she is a third-party beneficiary under the policy. The benefit to Plaintiff is the same benefit to all individual unit owners and is merely incidental to the benefit to the condominium association. Accordingly, Plaintiff cannot maintain a direct cause of action against AmGUARD for either breach of contract or bad faith. All of Plaintiff's claims should be dismissed, with prejudice.

Respectfully submitted,

**FAIRCLOTH MELTON SOBEL & BASH, LLC**

By:  */s/ Franklin "Drew" Hoffmann*
  Lottie L. Bash (La. #26186)
  lbash@fairclothlaw.com
  105 Yorktown Drive
  Alexandria, Louisiana 71303
  Phone: (318) 619-7755

---

³ La. R.S. 22:658 is now La. R.S. 22:1892.

Fax: (318) 619-7744

Franklin "Drew" Hoffmann (La. #35824)
dhoffmann@fairclothlaw.com
Phone: (225) 343-9535

**ATTORNEYS FOR DEFENDANT,
AMGUARD INSURANCE COMPANY**