## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KELSIE BOURGEOIS**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 22-649-JWD-RLB**

**AMGUARD INSURANCE COMPANY**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 24, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KELSIE BOURGEOIS**                                      **CIVIL ACTION**

**VERSUS**                                                **NO. 22-649-JWD-RLB**

**AMGUARD INSURANCE COMPANY**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 4). The motion is opposed. (R. Doc. 9). Plaintiff filed a reply. (R. Doc. 16). For the reasons set forth herein, the undersigned recommends that the Motion to Remand be **GRANTED,** and the action be remanded to 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana.

**I.     Background**

On or about August 11, 2022, Kelsie Bourgeois ("Plaintiff") filed a Petition for Damages ("Petition") in the 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana, naming as a defendant, AmGUARD Insurance Company ("Defendant"). (R. Doc. 1-3).

Plaintiff alleges that on or about August 23, 2021, her townhome, located at 7550 LaSalle, Baton Roue, Louisiana (the "Property"), incurred damage due to a water leak in the unit above the Property. (R. Doc. 1-3 at 1). Plaintiff reported the damage to Defendant, who provided a policy of insurance that covered the Property against (among other things) damage caused by plumbing leaks from adjacent dwellings (the "Policy"). (R. Doc. 1-3 at 1). Plaintiff also "requested payment for [the] damage repair and mitigation in the sum of $53,714.27." (R. Doc. 1-3 at 2). On February 25, 2022, Defendant tendered payment that was less than the amount due under Policy. (R. Doc. 1-3 at 3). Accordingly, Plaintiff contends that Defendant failed to adequately compensate her for the damage to the Property. (R. Doc. 1-3 at 5). Moreover, Defendant did so without cause and in a manner that was arbitrary and capricious. (R. Doc. 1-3

at 5). Plaintiff contends that Defendant's actions caused her to suffer, among other things, diminution of the value of the Property, repair costs, additional living expenses, and mental anguish. (R. Doc. 1-3 at 6). Plaintiff, therefore, filed the instant suit asserting bad faith and breach of contract. Plaintiff also seeks attorney's fees and penalties pursuant to Louisiana Revised Statues 22:1892 and 22:1973. (R. Doc. 1-3 at 6).

On September 19, 2022, Defendant removed the action on the basis that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). Defendant asserts that there is complete diversity because Plaintiff is a citizen of Louisiana and Defendant is a citizen of Pennsylvania. (R. Doc. 1 at 2). Defendant further asserts that the amount in controversy is met because: (1) the Petition specifically states that Plaintiff requested payment in the sum of $53,714.27; (2) Plaintiff seeks statutory bad faith penalties pursuant to La. R.S. 22:1892 and 22:1973, which could subject Defendant to penalties of fifty percent on the amount found to be due to Plaintiff or up to two times the damages sustained; and (3) prior to filing suit, Plaintiff issued a settlement demand of $115,000. (R. Doc. 1 at 3; R. Doc. 9 at 3). According to Defendant, Plaintiff's claim for penalties under La. R.S. 22:1892 satisfies the amount in controversy requirement because it would subject Defendant to paying the amount of the loss (which Defendant alleges to be $53,714.27) plus "fifty percent on the amount found to be due from the insurer." (R. Doc. 1 at 3) (quoting La. R.S. 22:1892). Defendant argues that Plaintiff's recovery would then be $80,571.41, which exceed $75,000. (R. Doc. 1 at 3).

## II.     Arguments of the Parties

Plaintiff does not dispute that the parties are completely diverse. Nor does she assert that removal is untimely. Instead, Plaintiff argues that the amount in controversy is not met. In so arguing, Plaintiff acknowledges that prior to filing suit, she submitted a settlement demand of

$115,000. (R. Doc. 4-1 at 4). On February 25, 2022, however, Defendant tendered $49,081.52 as payment for the damage to the Property.[1] (R. Doc. 4-1 at 2; R. Doc. 4-4 at 1). On August 11, 2022, Plaintiff filed suit "seeking the remaining amounts due under the [P]olicy, statutory damages, and attorney['s] fees." (R. Doc. 4-1 at 2). On August 24, 2022, prior to removal, Defendant submitted a supplemental payment of $552.58. (R. Doc. 4-1 at 2). Plaintiff argues that because of Defendant's payments, which resolved the damages at issue, "the only amounts remaining in controversy [are] statutory penalties and attorney's fees." (R. Doc. 4-1 at 4). Specifically, Plaintiff asserts that the amount in controversy is reduced to $72,742.50,[2] which is short of the jurisdiction requirement. (R. Doc. 4-1 at 4). Plaintiff also submits an "Irrevocable Stipulation of Damages," which states that "the maximum damages sought for general damages, special damages, penalties and/or attorney['s] fees, exclusive of interest and costs of court, is [$75,000]." (R. Doc. 4-3).

In opposition, Defendant argues that "Plaintiff erroneously claims that 'the only remaining amounts in controversy are the statutory penalties and attorney['s] fees.'" (R. Doc. 9 at 2). Defendant points to Plaintiff's Petition, which asserts that she has incurred the following damages: diminution of the value of the Property; actual repair costs; repair/replacement of personal property; additional living expenses; mental anguish; penalties delineated in La. R.S. 22:1892 and 22:1973; and attorney's fees and other professional fees and litigation costs associated with bringing the action. (R. Doc. 9 at 2). Accordingly, the amount in controversy includes more than statutory penalties and attorney's fees. Additionally, Defendant argues that, if applicable, La. R.S. 22:1892 and 22:1973 would push the amount in controversy over $75,000,

---

[1] Plaintiff inaccurately states that the amount paid by Defendant on February 25, 2022, is $41,704.92. (R. Doc. 4-1 at 2). The attached copy of the check submitted by Defendant is $49,081.52. (R. Doc. 4-4 at 1).
[2] This number is a miscalculation due to Plaintiff's previous inaccurate statement that Defendant paid $41,704.92. The correct difference between the amount demanded and the payments submitted by Defendant is $65,365.90.

exclusive of interests and costs. Finally, Defendant asserts that Plaintiff's stipulation of damages is inconsequential as it was produced after removal. (R. Doc. 9 at 5).

In response, Plaintiff clarifies that at the time the Petition was filed, she had only received a partial amount ($49,081.52) on the claim. (R. Doc. 16 at 2). Accordingly, when Plaintiff initiated suit, she sought "unpaid damages related to diminution in value of the property, repair costs, and living expenses." (R. Doc. 16 at 2-3). After initiating suit, but prior to removal, Defendant submitted a final supplemental payment ($552.58) that resolved all claims except for statutory penalties and attorney's fees. (R. Doc. 16 at 3). Therefore, the amount demanded in settlement ($115,000) was reduced by an amount corresponding with the two payments submitted by Defendant ($49,634.10). (R. Doc. 16 at 5). As such, Plaintiff suggests that the amount in controversy is $65,365.90.

### III. Law and Analysis

#### A. Legal Standards

A defendant may remove "any civil action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §

1446(c)(2). If, however, the "State practice…does not permit demand for a specific sum…[removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount t in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75,000;" or (2) establishing "summary judgment type evidence" to support that the amount exceeds $75,000, exclusive of interest and costs. *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir.2002) (citations omitted). "It is the recognized burden of the party invoking jurisdiction 'both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and if, appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation.'" *Becnel v. State Farm Fire & Cas. Co.*, No. 07–6742, 2007 WL 4570821, at *1 (E.D. La. Dec. 26, 2007) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938)).

There is no dispute that Plaintiff is a citizen of Louisiana and Defendant is a citizen of Pennsylvania, and therefore diversity of citizenship exits. There is also no dispute that removal is timely. The sole issue before the Court is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

    **B.**    **Analysis**

        **1.**    **The amount in controversy is not facially apparent**

The Court will first consider whether it is facially apparent from the Petition that Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.

The Petition does not state the Policy limits, the amount tendered by Defendant on February 25, 2022, or the remaining amount due to Plaintiff under the Policy. Nor does the Petition state the value of the damaged personal property or additional living expenses. All the Court knows is that, at some point prior to filing suit, Plaintiff received a repair estimate totaling $53,714.27 and Defendant paid an amount less than the full Policy limits.

Additionally, Plaintiff's boilerplate demands for general categories of damages are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc.*, No. 11–501–BAJ–DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citations omitted).

Given the foregoing, it is not facially apparent from the Petition that the amount in controversy is less than or greater than $75,000, exclusive of interest and costs.

    **2.    Summary judgment type evidence does not support a finding that the amount in controversy is met**

Because the amount in controversy remains ambiguous after considering the allegations in the Petition, the Court will consider whether Defendant has set forth any facts in controversy, or submitted summary judgment type evidence, that support a finding of the jurisdictional minimum.

The removing party "may support federal jurisdiction by setting forth *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.

1995) (emphasis in original) (citations omitted). "Removal, however, cannot be based simply upon conclusory allegations." *Id.* (citations omitted).

Here, Defendant's argument in support of removal is premised on Plaintiff's claim for statutory penalties under La. R.S. 22:1892 and 22:1973 and prior settlement demand. To be clear, "a plaintiff cannot recover penalties under both La. R.S. 22:1973 and 22:1892 for the same conduct; rather, a plaintiff recovers the higher penalty." *Milner v. Farmers Insurance Company of Oregon*, No. 16-6754, 2016 WL 7473851, at *4 (E.D. La. Dec. 29, 2016) (citing *Calogero v. Safeway Ins. Co.*, 753 So.2d 170, 174 (La. 2000)). Furthermore, a plaintiff may recover penalties under La. R.S. 22:1973 and attorney's fees under La. R.S. 22:1892 (as attorney's fees are not recoverable under La. R.S. 22:1973). *See Calogero,* at 174.

First, in the Notice of Removal, Defendant argues that the amount requested by Plaintiff for damage repair and mitigation (i.e., the amount found to be due to Plaintiff), when coupled with the 50% bad faith penalties allowed by La. R.S. 22:1892,[3] supports a finding that the jurisdictional minimum is satisfied. (R. Doc. 1 at 3). Specifically, Defendant asserts that the amount due to Plaintiff is $53,714.27. That amount plus fifty percent of it ($26,857.14) would allow Plaintiff, if successful, to recover $80,571.41. (R. Doc. 1 at 3). Second, in its opposition to remand, Defendant argues that if La. R.S. 22:1973 is applicable, the jurisdictional requisite would be met because it would impose a penalty "not to exceed two times the damages sustained, or five thousand dollars, whichever is greater." (R. Doc. 9 at 3) (quoting La. R.S. 22:1973(C)).

---

[3] Louisiana Revised Statute 22:1892B(1)(a) provides that failure to make payment on a written offer to settle an insurance claim within thirty days after receipt of satisfactory proofs of loss of that claim, if "found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater…and the amount found to be due as well as reasonable attorney fees and costs."

Defendant, however, has not shown by a preponderance of the evidence that the amount in controversy is met when applying either of the above-mentioned statutes. Instead, finding that the jurisdictional minimum is met would require highly speculative calculations.

To start, Defendant's argument with respect to La. R.S. 22:1892 is flawed. Prior to filing suit, Plaintiff provided Defendant with a repair estimate of $53,714.27.[4] In support of her Motion to Remand, Plaintiff attaches copies of two checks submitted by Defendant, totaling $49,634.10. (*See* R. Doc. 4-4; R. Doc. 4-5). Plaintiff states, and Defendant does not dispute, that after the second payment was submitted, the repairs were completed. Accordingly, Plaintiff suggests that the amount due under the Policy was satisfied upon Defendant's payment of $49,634.10. (*See* R. Doc. 16 at 4-5).

Applying La. R.S. 22:1892, Plaintiff is seeking to recover, as penalties, $24,817.05 (i.e., 50% of $49,634.10—the amount due from the insured). Because Plaintiff has already received payment for the repairs, the only amounts recoverable under this statute are the penalties of $24,817.05 and attorney's fees. Accordingly, Defendant must show by a preponderance of the evidence that Plaintiff's recoverable attorney's fees would exceed $50,182.95 (the amount needed to exceed $75,000, exclusive of interest and costs).

"If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy." *Manguno,* 276 F.3d at 723. "Only a reasonable estimate of attorney's fees may be considered in assessing the amount in controversy." *Rodney v. Waffle House, Inc.*, No.18-481-SDD-EWD, 2018 WL 6829041, at *9 (M.D. La. Oct. 22, 2018), *report and recommendation adopted*, No.18-481-SDD-EWD, 2018 WL 10809995 (M.D. La. Dec. 18, 2018) (citations omitted). Defendant has not submitted any summary judgment type evidence that

---

[4] Neither party submits copies of the actual repair estimates.

indicates Plaintiff's attorney's fees would more likely than not exceed the $50,182.95 needed to satisfy the jurisdictional requisite.

With respect to La. R.S. 22:1973, the Louisiana Supreme Court has held that the "damages sustained" does not refer to contractual damages, but the separate damages incurred for an insurer's breach of its duty of good faith and fair dealing imposed by La. R.S. 22:1973. *Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159, 1170-71 (La. 2011); *see Washington v. Liberty Mut. Fire Ins. Co.*, 12-746, 2012 WL 3096046, at *2 (W.D. La. July 30, 2012) ("The penalty allowed under La. R.S. 22:1973 is based not on the contractual amount owed.") (citation omitted). Accordingly, the Court may not simply double the contractual damages sought to find that the amount in controversy is satisfied. Instead, the Court must calculate potential damages based upon the alleged "damages sustained"— such as mental anguish, stress, and inconvenience — as a result of Defendant's alleged breach of the duty of good faith. *See Powell v. Essentia Ins. Co.*, No. 13–369, 2013 WL 5839329, at *1 (M.D. La. Oct. 30, 2013).

The Court acknowledges that "[s]ignificant mental anguish damages" have been awarded under La. R.S. 22:1973 in circumstances "where the insurers failed to pay on homeowner's polices." *See Brown v. Globe Life and Accident Ins. Co.*, No. 15-384-BAJ-RLB, 2015 WL 6459698, at *5 (M.D. La. Sept. 29, 2015) (citations omitted). The quantum of Plaintiff's damages, however, is entirely speculative. There are no facts before the Court — in Plaintiff's Petition or Defendant's Notice of Removal, or contained in the briefing — that indicate the value of Plaintiff's general damages. As stated above, boilerplate demands for general categories of damages are insufficient to establish the amount in controversy. *Davis*, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012). To satisfy the jurisdictional requisite, Defendant must show that it is

more likely than not that Plaintiff's categorical damages, coupled with statutory penalties and attorney's fees, would exceed $75,000. Defendant has not met this burden.

Finally, the parties each rely on the pre-suit settlement demand of $115,000 to support their positions. Defendant briefly asserts that "the settlement letter is valuable evidence to indicate the amount in controversy at the time of removal." (R. Doc. 1 at 3) (citing *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995). Plaintiff, while agreeing that the settlement demand can be used to determine the amount in controversy, asserts that the amount in controversy is $65,365.90 (i.e., the amount demanded ($115,000) less the amount submitted by Defendant prior to removal ($49,634.10)).

The Fifth Circuit has explained that a pre-removal settlement demand letter can be considered as relevant evidence of the amount in controversy "when the settlement offer reflects an honest assessment of the value of the plaintiff's claims." *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (citing *Pollet v. Sears Roebuck and Co.*, 46 Fed. App'x 226 (5th Cir. 2002); *Hartford Insurance Group v. Lou–Con Inc.*, 293 F. 3d 908 (5th Cir. 2002); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)). Considering timeline of events, and Plaintiff's prior settlement demand coupled with Defendant's pre-removal payment of $49,634.10, the Court concludes that the amount in controversy is not met.[5]

---

[5] Although the defense is correct that a post removal stipulation cannot <u>deprive</u> the court of jurisdiction if it existed at the time of removal, the court may consider Plaintiff's post-removal stipulation offered to <u>clarify</u> the amount in controversy. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("[P]ost-removal affidavits may be considered in determining the amount in controversy at the time of the removal."); *Marcel v. Pool Company*, 5 F.3d 81, 85 (5th Cir. 1993) (quoting *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993); *McGlynn v. Huston*, 693 F. Supp. 2d 585, 596 (M.D. La. 2010) (properly considering post-removal affidavit regarding the amount in controversy "since [defendant] failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought."). The binding irrevocable stipulation of damages (R. Doc. 4-3) further supports a conclusion that the amount in controversy is not met.

## IV.   Conclusion

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 4) be **GRANTED**, and the action be **REMANDED** 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana.

Signed in Baton Rouge, Louisiana, on February 24, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**